# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MANUEL CRUZ,

        Plaintiff,

vs.                                                   Case No. 3:18-cv-1106-J-32JBT

FEDERAL EXPRESS CORP., etc.,

        Defendant.

_____

## **ORDER**

According to Manuel Cruz's complaint, when he returned to his job as a FedEx driver the day after Thanksgiving in 2015, he was directed to take a Department of Transportation physical. Doc. 1 at ¶ 9. Cruz asked his supervisor if he could postpone it because he feared he might have a positive urinalysis. Id. His supervisor told him no, Cruz took the physical and provided a urine sample, id., and three days later he provided his employer with a signed and dated handwritten statement which says:

> Friday I was asked to take the required D.O.T. physical at which time I asked for additional time because I had not long before, taken medication that was not prescribed to me to help me cope [with] pain after a physical day at work. I knew at that [time] there was a good chance that I would not pass the physical. I would take this medication only at night after work never had I nor will [I] ever show up for work under the influence. This was strickly [sic] on my own time after work in the privacy of my own home. I believe the medication was oxicodone [sic] or oxicontin [sic]. I'm not sure which unfortunately. I had gotten from my sister in law whom is prescribed this medication. Given more time to ensure that any signs of the medication has cleared my system I assure that there will be no problems in passing any physicals and or tests.

Doc. 1, Ex. A (emphasis in original). The FedEx Alcohol and Drug-Free Workplace policy prohibits the nonprescription use of controlled substances including narcotics and addictive drugs prohibited by Department of Transportation regulations "at any time, on or off duty."[1] Doc. 8, Ex. A at 3 (§ 2-10). Cruz suffers from back pain following a 2006 motor vehicle accident and is prescribed hydrocodone, which he takes outside of work time to alleviate pain. Doc. 1 at ¶ 7. FedEx is aware that Cruz is prescribed hydrocodone for this use. Id. Cruz alleges that he did not have his hydrocodone with him while at his sister-in-law's so accepted the tablets she offered him to relieve his pain. Id. at ¶ 8. FedEx suspended Cruz upon receipt of his written statement and terminated him two days later advising him in writing that he was terminated due to his "written and signed admission of using an illegal substance," which was a "termination offense" under the FedEx Alcohol and Drug-Free Workplace policy. Id. at ¶¶ 10-11, Ex. B. Cruz acknowledges in his complaint that violating FedEx's Anti-Drug policy is grounds for termination. Doc. 1 at ¶ 5. At some point after he was terminated, Cruz alleges he learned from his sister-in-law that the tablets she had given him for his back pain were Aleve, a non-addictive legal drug that is not a controlled substance.[2] Id. at ¶ 11. The urine sample Cruz provided was screened for diabetes but was not analyzed to detect drug use. Id. at ¶ 9.

---

[1]Though not attached to Cruz's complaint, both sides agree the policy is central to his claim and that the Court may therefore consider it. See, e.g., Fin. Sec. Assur., Inc. v. Stephens, Inc., 500 F.3d 1276, 1284 (11th Cir. 2007).

[2]His complaint does not allege whether he ever shared that information with FedEx (and FedEx says he did not).

Cruz has now sued FedEx for terminating him in alleged violation of the Americans with Disabilities Act Amendments Act of 2008 (ADAAA) (Doc. 1). FedEx moved to dismiss Cruz's complaint arguing that his admitted use of illegal drugs takes him outside the protection of the ADAAA (Doc. 7). Cruz responded in opposition (Doc. 9).

When considering a motion to dismiss for failure to state a claim, the Court must accept all factual allegations as true and construe them in the light most favorable to plaintiff. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quotation and citation omitted).

FedEx terminated Cruz when he advised them that he believed he had ingested either oxycontin or oxycodone, which violates FedEx's Anti-Drug policy. The ADAAA does not prevent an employer from enforcing its anti-drug policy. See 42 U.S.C. § 12210(a) ("the term 'individual with a disability' does not include an individual who is currently engaging in the illegal use of drugs, when the covered entity acts on the basis of such use"); Adkins v. Excel Mining, LLC, 214 F. Supp. 3d 617, 622 (E.D. Ky. 2016) ("[A]n employer does not discriminate against an employee when it fires him for using illegal drugs."). And, while the ADAAA provides a safe harbor provision for rehabilitated drug users, even then, the provision only applies to those who are "no longer engaging" in the illegal use of drugs. 42 U.S.C. § 12210(b)(1); see, e.g., Daniels v. City of Tampa, No. 8:09-cv-1151-T-33AEP, 2010 WL

3

1837796, * 2 (M.D. Fla. Apr. 12, 2010) (recommending dismissal of ADA claim where plaintiff, who had undergone drug rehabilitation, was subsequently fired when he failed a drug test), 2010 WL 1837802 (M.D. Fla. May 4, 2010) (order adopting report and recommendation). While it is true that the ADAAA provides protection for a disabled individual who is "erroneously regarded as engaging in [illegal drug] use," 42 U.S.C. § 12210(b)(3), this is not a circumstance where the employer acted on misplaced suspicions about illegal drug use. To the contrary, as Cruz alleges, he is the one who told his employer he could not take a drug test because he feared he would fail it based on his ingestion of someone else's prescription narcotic– a clear violation of the FedEx Anti-Drug policy– and then reiterated that confession in writing. That the drug he took may not have been illegal after all is beside the point. Cruz is the one who told his employer that it was. FedEx terminated Cruz because he admitted to violating its Anti-Drug policy, a terminable offense. His effort to plead a violation of the ADAAA for that action is unavailing. See Iqbal, 556 U.S. at 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

Accordingly, it is hereby

**ORDERED**:

Defendant Federal Express Corporation's Motion to Dismiss (Doc. 7) is **GRANTED**.[3] This case is dismissed with prejudice. The Clerk shall close the file.

---

[3]Although Cruz did not request leave to amend in the event that the Court granted FedEx's motion to dismiss, the Court has considered whether to permit him an opportunity to do so, but finds it would be futile.

**DONE AND ORDERED** at Jacksonville, Florida this 25th day of January, 2019.

*[signature]*
TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record